```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ANDREW L. BEKES,                  :
                                  :
          Petitioner              :
                                  :   CIVIL NO. 1:CV-05-2554
     vs.                          :
                                  :   (Judge Caldwell)
GERALD ROZUM, et al.,             :
                                  :
          Respondents.            :
```

M E M O R A N D U M

*I.   Introduction*

Petitioner Andrew L. Bekes, an inmate at SCI - Somerset, has filed a petition for a writ of habeas corpus (doc. 9) pursuant to 28 U.S.C. § 2254 as well as an application to proceed without prepayment of fees. (doc. 1, ex. 4). Bekes' habeas petition contends that the Pennsylvania Superior Court erred in denying his petition for collateral relief. After a careful review of Bekes' claims, we will dismiss the habeas petition and deny his motion to proceed without prepayment of fees.

*II.  Background*

On September 29, 2000, Bekes was sentenced in state court to fourteen to twenty years' imprisonment after pleading guilty to five counts of possession with intent to deliver narcotics, one count of delivery of narcotics, one count of

criminal conspiracy, and one count of corrupt organizations.[1] Bekes appealed to the Pennsylvania Superior Court, claiming that his sentence was unlawful and excessive compared to the sentences received by his co-defendants. The Superior Court affirmed the sentence, concluding that he waived the argument by failing to file the proper statement of intended grounds for appeal.[2]

Bekes then filed a petition for post-conviction relief pursuant to Pennsylvania's Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. The court appointed counsel and Bekes filed an amended PCRA petition. In the amended PCRA petition, Bekes claimed that (1) his guilty plea was unknowing or involuntary because he received ineffective assistance of counsel, (2) he received ineffective assistance of counsel in his direct appeal, and (3) the trial court should not have sentenced him for the drug and corrupt organizations offenses because the drug offenses were an element of corrupt organizations. The

---

[1] We look to the opinion of the Pennsylvania Superior Court for the relevant factual background.   (doc. 18, ex. F).

[2] Pennsylvania Rule of Appellate Procedure 1925 requires an appellant, when ordered by the trial court, to file a Statement of Matters Complained of on Appeal. (doc. 18, ex. C). Failure to do so waives such issues on appeal. *Id*. (citing *Commonwealth v. Lord*, 553 Pa. 415, 420, 719 A.2d 306, 309 (Pa. 1998)). In order to challenge the judgment of a sentence, the appellant must set forth a statement of the reasons relied upon for appealing the discretionary aspects of the sentence. *Commonwealth v. Tuladziecki*, 522 A.2d 17 (Pa. 1987).

Court of Common Pleas for Centre County held a hearing for the PCRA petition and denied the claim.

Bekes appealed the denial of his PCRA petition but the Superior Court affirmed, and the Pennsylvania Supreme Court subsequently denied the petition for allocatur. Bekes then filed a petition for a writ of habeas corpus in this Court.[3]

*III. Discussion*

    A.  Timeliness & Exhaustion

A habeas claim filed in federal court by a state prisoner must be timely, and the prisoner must exhaust every avenue of state review. A state prisoner must file the habeas petition within one year of the date of the state court's final judgment. 28 U.S.C. § 2244(d)(1)(A). Section 2254(b) also requires that the prisoner exhaust state court remedies by presenting each claim in at least one round of state appellate review. *Carey v. Saffold*, 536 U.S. 214, 219 (2002) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999)).

---

[3] We look to Bekes' amended petition (doc. 9) for his claims. The initial petition (doc. 1, ex. 1) indicated that the claims were listed on the back of the petition; however, the documents we received when this matter was transferred to us had nothing printed on the back.

Respondents concede that Bekes' petition is timely, and that he has properly exhausted all three of his claims. (doc. 16, pp. 5, 7-9). Upon of review of the record, we agree and we will consider each of the grounds in the habeas petition.

*B. Standard of Review*

28 U.S.C. § 2254(a) authorizes a federal court to consider a petition for a writ of habeas corpus filed by a state prisoner in custody claiming that his detention violates the Constitution or the laws or treaties of the United States. According to § 2254, however, a federal court may not grant the petition unless it determines that the state court proceedings

> (1) resulted in a decision that was contrary
> to, or involved an unreasonable application
> of, clearly established Federal law, as
> determined by the Supreme Court of the United
> States; or (2) resulted in a decision that
> was based on an unreasonable determination of
> the facts in light of the evidence presented
> in the State court proceeding.

A state court judgment is "contrary to" federal law when it is "diametrically different, opposite in character or nature, or mutually opposed" to "clearly established" decisions of the United States Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 405, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). This may occur if "the state court ignores or misapprehends clear precedent or it 'confronts a set of facts that are materially

indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [Supreme Court] precedent." *Wilkerson v. Klem*, 412 F.3d 449, 452 (3d Cir. 2005) (quoting *Williams*, 529 U.S. at 406).  Alternatively, a state court judgment is an "unreasonable application" of federal law if the state court chose the correct rule of law based on the facts, but unreasonably extended the rule to a new context or unreasonably refused to extend the rule to a new context.  *Id*. (citing *Williams*).

The Third Circuit has set forth a two-step process for reviewing a § 2254 petition.  First, we identify the applicable Supreme Court precedent.  *Outten v. Kearney*, 464 F.3d 401, 413 (3d Cir. 2006).  The petitioner must show that Supreme Court precedent requires the opposite result, not merely that his interpretation is more plausible than that of the state court. *Id*.  In step two, we objectively evaluate whether the state court decision was an unreasonable application of Supreme Court precedent.  *Id.* at 414 (citing *Werts v. Vaughn*, 228 F.3d 178 (3d Cir. 2000)).  It is not enough for us to disagree with the state court decision or conclude that we may have reached a different result.  *Id*. We may only grant habeas relief if "the state court decision, evaluated objectively and on the merits, resulted in an outcome that cannot be reasonably be justified under existing

-5-

Supreme Court precedent." *Id.* (quoting *Hackett v. Price*, 381 F.3d 281, 287 (3d Cir. 2004)).

> *C. Ineffective Assistance of Counsel Resulting in  Involuntary or Unknowing Guilty Plea*

Bekes first claims that he entered an involuntary or unknowing guilty plea because he received ineffective assistance of counsel. Bekes contends that counsel assured him of no more than ten years' imprisonment, not ten years for each drug offense, and that he would have proceeded to trial had he not received this erroneous advice. (doc. 9, p. 15).

In *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), the Supreme Court set forth the test for ineffective assistance of counsel claims. *Strickland* is clearly established Supreme Court precedent. *Williams*, 529 U.S. at 391. Pursuant to *Strickland*'s two-pronged test, a petitioner must show that counsel's representation fell below an objective standard of reasonableness and that the deficient representation was prejudicial. *Strickland*, 466 U.S. at 688.[4] For the prejudice prong, the petitioner must show a reasonable probability that, but for counsel's errors, the outcome of the proceeding would have been different. *Id.* at 694.

---

[4] The court need not address both prongs if the petitioner has failed to satisfy one of them. *Strickland*, 466 U.S. at 697.

The Supreme Court applies the *Strickland* test for ineffective assistance claims in the context of guilty pleas. *Hill v. Lockhart*, 474 U.S. 52, 58, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985). In evaluating the voluntariness of a plea taken by a defendant represented by counsel, a court looks to whether counsel's advice was within the range of competence required of an attorney in a criminal matter. *Id* at 58-59. The prejudice prong "focuses on whether counsel's constitutionally ineffective performance affected the outcome of the plea process." *Id.* at 59. Prejudice requires a "reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id*.

Here, the legal standard applied by the Pennsylvania Superior Court reviewing Bekes' PCRA petition was not contrary to clearly established Supreme Court precedent. While the Superior Court did not cite *Strickland* or *Hill*, a state court decision is not contrary to clearly established law because it failed to cite applicable Supreme Court precedent. *Mitchell v. Esparza*, 540 U.S. 12, 16, 124 S.Ct. 7, 157 L.Ed.2d 263 (2003). Instead, we focus on whether the state court's reasoning or the result contradicts applicable precedent. *Id*.

In reviewing Bekes' claim, the Superior Court used the ineffective assistance of counsel test articulated in

*Commonwealth v. Malloy*, 856 A.2d 767, 781 (Pa. 2004), and referred to *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003), for claims concerning a guilty plea.  The Third Circuit has held that Pennsylvania's ineffective assistance of counsel test is not contrary to *Strickland*.  *Jacobs v. Horn*, 395 F.3d 92, 106 n.9 (3d Cir. 2005).  Therefore, the legal standard applied by the Pennsylvania Superior Court to Bekes' PCRA petition was not contrary to Supreme Court precedent for ineffective assistance of counsel claims.

      Moving to the second step in the § 2254 analysis, we conclude that the Superior Court's decision was not an unreasonable application of Supreme Court precedent.  In this step, we objectively evaluate the Superior Court decision and determine whether it may reasonably be justified under Supreme Court precedent.  The Superior Court determined that Bekes failed to show that his guilty plea was involuntary or unknowing.  (doc. 18, ex. F, p. 8).  Without this showing, Bekes could not succeed on his ineffectiveness claim.  *Id*.

      In rejecting this claim, the Superior Court reviewed the plea colloquy form, Bekes' statements at the plea hearing, and the testimony from the PCRA hearing.  *Id.* at 4-5.  The colloquy form memorialized, among other things, the discussion between Bekes and counsel regarding the facts of the case, Bekes'

potential defenses, and Bekes' understanding of the potential sentence for each count and the corresponding fine. *Id*. Counsel testified that he explained the plea agreement letter indicating the Commonwealth's intention to seek the mandatory minimum sentence on four of the counts. *Id*. Counsel also testified that Bekes understood that the handwritten notation, "Max 10 yrs 50,000," on the plea colloquy form referred to the maximum sentence Bekes could receive on each of the drug offenses and that he could easily receive twenty-five to fifty years' imprisonment if convicted. *Id.* at 6.

At the PCRA hearing, counsel testified that was no agreement for a ten-year maximum sentence and he never conveyed such a guarantee to Bekes. *Id*. Additionally, counsel had concluded that the case would have been difficult to win, particularly because the state possessed a number of wire-tap recordings of Bekes discussing drug deals. *Id.* at 7. Counsel testified that based on this, Bekes agreed that entering a guilty plea was the best available option. *Id*.

The Superior Court also reviewed Bekes' testimony from the PCRA hearing. There, Bekes contended that he did not understand the applicable minimum sentences, that counsel had promised him a maximum of ten years' imprisonment, that counsel had not discussed the possibility of a plea agreement until the

day of the hearing, that counsel insisted on a guilty plea, that Bekes was under duress when he accepted the plea, and that his medical condition affected his ability to comprehend the hearing. *Id.* at 5-6.  These are the same arguments Bekes presents in his § 2254 petition.

The Superior Court rejected the ineffective assistance of counsel claim, concluding that Bekes failed to show that his plea was involuntary.  *Id.* at 8.  The court noted that the PCRA court had determined that counsel's testimony was credible, undermining Bekes' claim that counsel promised him a ten-year sentence.  *Id*.  Additionally, the court explained that Bekes was bound by statements made at the plea hearing evidencing his awareness of the potential sentence.  *Id*.

Based on our review of the record, we conclude that the Superior Court's decision was not an objectively unreasonable application of Supreme Court precedent.  The court applied the *Hill* ineffective assistance of counsel test in reaching the conclusion that Bekes' plea was voluntary.  The court looked to the testimony of counsel at the PCRA hearing, testimony which the PCRA court determined was credible.  Pursuant to this testimony, the court concluded that counsel never promised a ten-year maximum sentence and instead informed Bekes of the maximum sentence he could receive for each offense.  As a result, Bekes

voluntarily, knowingly, and intelligently chose to plead guilty. Bekes has not presented evidence to persuade us that the Superior Court unreasonably applied Supreme Court precedent or that its decision was based on an unreasonable application of the facts. Consequently, we will deny habeas relief on this claim.

> *D.   Ineffective Assistance of Counsel Resulting in Denial of Direct Appeal*

Bekes' second ineffective assistance claim contends that trial counsel was ineffective by failing to file the proper documents after noticing his direct appeal to the Superior Court. (doc. 9, p. 16).  After Bekes' guilty plea, trial counsel filed a notice of appeal to the Pennsylvania Superior Court.  (doc. 18, ex. F, p. 2).  Trial counsel planned to argue that Bekes' sentence was excessive compared to the sentences received by other parties in the drug operation.  *See* PCRA Hearing Transcript, p. 123.  In Pennsylvania, however, a party seeking appeal must file a motion pursuant to Pennsylvania Rule of Appellate Procedure 1925[5] identifying the issues for direct appeal.

---

[5] Pennsylvania Rule of Appellate Procedure 1925 provides, in relevant part:

> (b) *Direction to file statement of matters complained of*.—The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to

-11-

Additionally, when raising the discretionary aspects of a sentence on appeal, the appellant must file a concise statement identifying the reasons for challenging the sentence. *Commonwealth v. Tuladziecki*, 522 A.2d 17, 19 (Pa. 1987). Trial counsel, however, did not file these documents.[6] As a result, the Superior Court did not consider Bekes' sentencing claim on direct appeal. *See* doc. 18, ex. C.

As noted, in *Strickland*, the Supreme Court set forth the two-pronged test for ineffective assistance of counsel claims. The Court has extended the *Strickland* test to claims regarding counsel's performance on appeal. *Smith v. Robbins*, 528 U.S. 259, 285, 120 S.Ct. 746, 145 L.Ed. 756 (2000), *citing Smith v. Murray*, 477 U.S. 527, 535-36 (1986). *See also United States v. Mannino*, 212 F.3d 835, 840 n.4 (3d Cir. 2000). With respect to the prejudice prong, the petitioner must show that "there is a reasonable probability that the result of the *appeal* would have been different had counsel's stewardship not fallen below the required standard." *Mannino*, 212 F.3d at 845.

---

        comply with such direction may be considered by
        the appellate court as a waiver of all
        objections to the order, ruling or other matter
        complained of.

[6] Due to a typographical error in the notice of appeal, trial counsel had two opportunities to file the 1925(b) statement. *See* doc. 18, ex. C, n. 5.

In reviewing the denial of Bekes' PCRA petition, the Superior Court concluded that he did not satisfy the prejudice prong. In his brief, Bekes argued that trial counsel's failure to file the proper documents on direct appeal prejudiced him by precluding the Superior Court from reaching the merits of his sentencing disparity argument. (doc. 18, ex. D, p. 32). The Superior Court rejected this claim, reasoning that Bekes "failed to prove its underlying merit or that the outcome of his direct appeal would have been any different." (doc. 18, ex. F, p. 9).[7] This reasoning tracks the *Strickland* standard requiring a petitioner to show that without counsel's ineffective assistance, the result of the appeal would have been different.[8] Therefore,

---

[7] The court did, however, concede that "one could argue that . . . failure to comply with the trial court's order to file a 1925(b) statement constituted ineffective assistance of counsel on appeal." (doc. 18, ex. 8, p. 9).

[8] We note that *Roe v. Flores-Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) is not the applicable Supreme Court precedent for Bekes' claim. *Roe* set forth a modified version of the *Strickland* test for ineffective assistance of counsel claims in the context of counsel's failure to file a notice of appeal. *Id.* at 477. The Court concluded that a petitioner satisfies the prejudice prong of *Strickland* upon showing that counsel's failure to file a notice of appeal deprived the petitioner of an appeal that he otherwise would have taken. *Id.* at 484. Here, trial counsel filed a notice of appeal; however, he failed to file the documents necessary in Pennsylvania for the court to consider his claim, particularly in the context of a discretionary sentencing issue. It was not unreasonable for the Superior Court to apply *Smith v. Robbins* rather than extending *Flores-Ortega* to include trial counsel's failure to file the 1925(b) statement or the brief required by *Commonwealth v. Tuladziecki*.

we conclude that the Superior Court's decision was not contrary to clearly established Supreme Court precedent.

We also find that the Superior Court's decision was not an unreasonable application of *Strickland*.  In this analysis, we consider whether the state court has applied the correct rule to the facts in an objectively unreasonable way.  *Williams*, 529 U.S. at 409.  Unreasonable application of a Supreme Court rule can occur if the state court unreasonably extends an established rule to a new context, or unreasonably fails to extend the rule to a new context.  *Id.* at 407.

As he did in his PCRA appeal, Bekes contends in his § 2254 petition that he was prejudiced by counsel's failure to file the 1925(b) statement because the Superior Court did not consider the merits of his sentencing argument. (doc. 9, p. 19).  This allegation, however, is insufficient to show prejudice resulting from counsel's deficient performance.  According to *Robbins*, a claim of ineffective assistance of counsel on appeal requires a showing that the result of the appeal would have been different if not for counsel's deficient performance.  528 U.S. at 285. Bekes' claim merely contends that counsel's error precluded consideration of his sentencing claim, not that the appeals court's ruling would have been different had it considered the claim.  By rejecting Bekes' claim on this basis, the Superior

-14-

Court's decision was not an unreasonable application of Supreme Court.

### E. *Sentence in Violation of Double Jeopardy*

Bekes' final claim concerns his concurrent sentence for drug offenses and corrupt organizations. Bekes pled guilty to five counts of possession of a controlled substance with intent to deliver, delivery of a controlled substance, criminal conspiracy, and corrupt organizations. (doc. 18, ex. C). The drug offenses served as the "pattern of racketeering activity" for the corrupt organizations offense. The Court of Common Pleas for Centre County sentenced Bekes to fourteen to twenty years' imprisonment, consisting of two consecutive sentences for possession with intent to deliver, with concurrent sentences on all other counts, including corrupt organizations. *Id*. at ex. D, p. 8.

In his § 2254 petition, Bekes contends that he should not have been sentenced on the drug offenses because they were lesser-included offenses of the corrupt organizations charge.[9]

---

[9] The Corrupt Organizations Act, 18 Pa. C.S. § 911(b)(3) provides, in relevant part: "It shall be unlawful for any person employed by or associated with any enterprise to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." A "Pattern of racketeering activity" is a course of conduct involving two or more offenses enumerated at 18 Pa. C.S. § 911(h)(1). These enumerated offenses include the drug charges filed against Bekes.

Bekes concludes that by sentencing him on both, the sentence violates his Fourteenth Amendment protection from double jeopardy because he is being punished twice for the same conduct. (doc. 9, pp. 19-20).

The Superior Court rejected this claim, reaffirming its conclusion that Pennsylvania courts may sentence a defendant under both the Corrupt Organizations Act and its predicate offenses. (doc. 18, ex. F, p. 10). The court explained that such a sentence does not punish a defendant twice for the same conduct, noting that Pennsylvania's Corrupt Organizations Act was modeled on the federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 et. seq., which permits a sentence for both offenses. The Superior Court also looked to the decisions of federal courts of appeals, noting that courts have permitted consecutive sentences for both a RICO offense and its predicate offense without violating double jeopardy. *Id.* at 12 (quoting *United States v. Morgano*, 39 F.3d 1358, 1367-68 (7th Cir. 1994)).

We first consider whether the Superior Court's decision was contrary to Supreme Court precedent. In identifying the relevant precedent, we must examine cases "with particularity" on a fact-specific basis rather than looking to "broad pronouncements or generative principles in the opinion."

-16-

*Fischetti*, 384 F.3d at 148.  Additionally, we may only look to United States Supreme Court cases, lower federal court cases may not serve as the touchstone for examining whether the state court decision was contrary to clearly established federal law.  *Id*. at 149.  Here, we have not found a Supreme Court case expressly considering the double jeopardy implications of sentences for both a corrupt organizations/RICO offense as well as its predicate offense.  It follows then that the Superior Court's decision was not contrary to federal law as determined by the Supreme Court.  *See id.* at 150.

The second step in our analysis is to determine whether the Superior Court unreasonably applied Supreme Court precedent. As noted, we will not grant habeas relief unless an objective analysis of the state court decision reveals that the result cannot reasonably be justified under Supreme Court precedent. *Outten*, 464 F.3d at 414.  Here again, we must begin with Supreme Court precedent as the benchmark against which to compare the Superior Court's decision.  *Fischetti*, 384 F.3d at 149-50.  We may also look to the decisions of the lower federal courts in evaluating the reasonableness of the state court's application of Supreme Court precedent.  *Id.* at 149.

In determining that Bekes could be sentenced on a corrupt organizations charge and its underlying offenses, the

Superior Court concluded that the traditional merger analysis set forth by the Supreme Court in *Blockburger v. United States*, 284 U.S. 299 (1932), was inapplicable. (doc. 18, ex. F, p. 13). The court noted that while racketeering and its predicate offense appear to present greater- and lesser-included offenses according to *Blockburger*, the analysis is inapplicable when the legislature has enacted a criminal statute imposing liability for engaging in a pattern of criminal acts. *Id.*

"The test for determining whether two offenses are the 'same' or are distinguishable and allow for cumulative punishment was established in *Blockburger v. United States*." *United States v. Grayson*, 795 F.2d 278, 281 (3d Cir. 1986) (citation omitted). *Blockburger* provides that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Id.* at 282 (quoting *Blockburger*, 284 U.S. at 304). But the Supreme Court has held that "the *Blockburger* rule is not controlling when the legislative intent is clear from the face of the statute or the legislative history." *Id.* (citing *Garrett v. United States*, 471 U.S. 773 (1985)). In the context of a prosecution for RICO and its predicate offenses, federal courts of appeal have determined that

Congress sought to permit separation prosecution and sentencing of a RICO offense and its predicate.  *See Grayson*, 795 F.2d at 282-83 (collecting cases).

In rejecting Bekes' double jeopardy claim, the Superior Court distinguished the *Blockburger* analysis because of the legislature's intent in enacting Pennsylvania's Corrupt Organizations Act.  This conclusion comports with the Supreme Court's decision in *Garrett*.  Additionally, the decisions of federal courts of appeal show that the Superior Court did not unreasonably apply Supreme Court precedent in refusing to use the *Blockburger* test to evaluate Bekes' claim.  Therefore, we will deny Bekes' final claim for habeas relief.

/s/William W. Caldwell
William W. Caldwell
United States District Judge

Date: April 5, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

```
ANDREW L. BEKES,                  :
                                  :
        Petitioner                :
                                  :    CIVIL NO. 1:CV-05-2554
        vs.                       :
                                  :    (Judge Caldwell)
GERALD ROZUM, et al.,             :
                                  :
        Respondents.              :
```

O R D E R

AND NOW, this 5th day of April, 2007, upon consideration of Petitioner's amended petition filed pursuant to 28 U.S.C. § 2254 (doc. 9), based on the accompanying Memorandum, it is ordered that:

1. The petition for writ of habeas corpus is denied;

2. Petitioner's application to proceed without prepayment of fees (doc. 1, ex. 3) is denied;

3. A certificate of appealability is denied;

4. The Clerk of Court shall close this file.

/s/William W. Caldwell
William W. Caldwell
United States District Judge